# RE O'CONNOR.

---

PATENTS; PATENTABILITY; ANTICIPATION; NOVELTY; IMPROVEMENTS.

1. A device for making refrigerator doors air-tight, consisting of a spring of Z shape in cross section set in a recess which runs continuously around the edge of the door, and a packing on the outer face of the spring, held in place by a flexible fabric, involves no patentable improvement over the prior art as evidenced by Patent No. 562,001, issued June 16, 1896, to one Le Flare, involving a similar device, which, instead of the spring, contains a wooden strip set in the recess, and held out against the packing by coil springs, and Patent No. 399,414, issued March 12, 1899, to one Jones, disclosing a weather strip in which a spring performing much the same function as that of the applicant is interposed between the sash and the window frame.

2. Invention or discovery is the requirement which constitutes the foundation of the right to obtain a patent, and unless more ingenuity and skill were required in making or applying an improvement over the prior art than are possessed by an ordinary mechanic acquainted with the business, there is an absence of that degree of skill and ingenuity which constitutes the essential element of every invention.

No. 904.   Patent Appeal.   Submitted March 10, 1914.   Decided April 6, 1914.

HEARING on an appeal from a decision of the Commissioner of Patents refusing a patent.                          *Affirmed.*

The Court in the opinion stated the facts as follows:

This is an appeal from a decision of the Commissioner of Patents refusing a patent to John F. O'Connor, appellant, for a device for making refrigerator car doors air-tight. It consists of a metal Z-shaped spring set in a recess in the edge of the door extending continuously around the door. A packing of yielding material covers the outer face of the spring, which is held in place by a strip of canvas or other flexible fabric stretched across the packing and secured to the edge of the door on either side of the recess. In operation, when the door is closed, the pressure upon the canvas strip and packing causes them to be forced against the spring, which yields sufficiently to permit the door to be closed, but having sufficient strength to keep the packing forced securely against the door frame, thus keeping the space between the door and the frame so tightly filled as to render it air-tight.

The following claims sufficiently describe the invention:

"1. In a refrigerator car, the combination with the doors and surrounding stationary wall having a packing recess formed in the meeting edges of one of said members, a flexible fabric strip bridging said recess and secured to the member in which the recess is formed, a packing of yielding material on the inner face of said strip and a combined sheet metal backing strip and spring fitting in said recess and affording a yielding support at both edges of the recess for the yielding packing material, substantially as specified."

"4. In a refrigerator car, the combination with the doors and surrounding stationary wall having a packing recess formed in the meeting edges of one of said members, a flexible fabric strip bridging said recess and secured to the members in which the recess is formed, a packing of yielding material on the inner face of said strip and a combined sheet metal backing strip and spring fitting in said recess and affording a yielding support at both edges of the recess for the yielding packing material, said strip being of Z form in cross section, substantially as specified."

"8. In a door packing, the combination of a member furnished with a recess, a flexible fabric strip bridging said recess, a resilient metal strip fitting in said recess, and a packing of yielding material between the metal strip and the fabric strip, said metal strip being of Z form in cross section, said yielding packing material being secured to the fabric strip on the inner face thereof, said metal strip affording a yielding support at both edges of said recess for said fabric strip and packing material, substantially as specified.

"9. In a refrigerator car door packing, the combination with a member furnished with a recess, a flexible fabric strip bridging said recess, a packing of yielding material beneath the flexible fabric strip and a resilient bent metal plate placed in the recess and between the packing and the member and serving both as a backing and a spring, substantially as specified."

A patent to one Le Flare, No. 562,001, June 16, 1896, shows a door packing generally used on refrigerator car doors at the present time, in which the packing, covered on the outside by canvas or other flexible fabric, is forced outwardly by a wooden strip fitted so as to operate in the recess, and supported on the inside by resilient coil springs. The only difference between Le Flare's device and appellant's is that, in the latter, the packing is forced out by the face of the continuous Z-shaped spring; while, in the former, the strip of wood takes the place of the outer face of the Z-shaped spring, and is forced outwardly against the packing by the series of coil springs.

A patent to one Jones, No. 399,414, March 12, 1889, discloses a weather strip in which a resilient spring performing much the same function as the spring in appellant's device is interposed between the sash and window frame.

*Mr. H. N. Low, Messrs. Munday, Evarts, Adcock, & Clarke,* and *Mr. George I. Haight* for the appellant.

*Mr. Robert F. Whitehead* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

We agree with the Commissioner of Patents that what appellant has accomplished does not, in the light of the prior art, rise to the dignity of invention. His device seems to be an improvement over Le Flare, whose invention is now in general use, but the improvement is not such as to entitle him to a patent. "Invention or discovery is the requirement which constitutes the foundation of the right to obtain a patent; and it was decided by this court, more than a quarter of a century ago, that unless more ingenuity and skill were required in making or applying the said improvement than are possessed by an ordinary mechanic acquainted with the business, there is an absence of that degree of skill and ingenuity which constitutes the essential elements of every invention." *Dunbar* v. *Myers,* 94 U. S. 187, 24 L. ed. 34. What appellant here did was only the taking of a step in advance, which we think was obvious to anyone skilled in the art.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                              *Affirmed.*

Mr. Justice ANDERSON, of the supreme court of the District of Columbia, sat with the court in the hearing and determination of this appeal, in the absence of Mr. Chief Justice SHEPARD.